## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| IN THE MATTER OF | : | CIVIL ACTION NO. 23-CV |
| $10,528.00 U.S. CURRENCY | : | |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

## **NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit to the United States $10,528.00 in U.S. Currency (the "defendant property") representing moneys furnished or intended to be furnished by any person in exchange for a controlled substance, or are proceeds traceable to such an exchange, or are moneys used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 841 *et seq*. Therefore, pursuant to 21 U.S.C. § 881(a)(6), the defendant property is subject to forfeiture to the United States of America.

2. The defendant property was seized on September 29, 2022, behind a residence located in the 16800 block of Bristoe Street in Baton Rouge, Louisiana, and is in the custody and control of the United States of America.

## **JURISDICTION AND VENUE**

3. The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a) and 21 U.S.C. § 881(a)(6).

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C.

§ 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

6. The defendant property consists of the following:

$10,528.00 in U.S. currency seized on September 29, 2022, near a residence located in the 16800 block of Bristoe in Baton Rouge, Louisiana.

## FACTS

7. On Thursday, September 29, 2022, DEA Task Force Officer Russell Jenkins ("TFO Jenkins") was patrolling the I-10/I-12 corridor in East Baton Rouge Parish, Louisiana. At approximately 1:14 a.m., TFO Jenkins observed a 2020 Nissan Altima ("Altima") travelling eastbound on I-10 following too closely behind an SUV. Based on his training and experience, TRO Jenkins believed that the Altima was travelling at an unsafe distance from the SUV in front of it and, consequently, attempted to stop the vehicle on I-12 East.

8. TFO Jenkins initiated a traffic stop, at which time the driver, later identified as Tyren Reaux ("Reaux"), merged two lanes to the right and signaled as if he were going to stop on the right shoulder. Instead of stopping, Reaux utilized his left turn signal, re-entered the interstate, and accelerated rapidly.

9. TFO Jenkins activated his emergency siren and initiated a vehicle pursuit. Reaux continued to travel east on I-12 at speeds reaching one hundred thirty (130) miles per hour. At one point, Reaux entered an active construction zone, where the three (3) lane interstate was reduced to one (1) lane only and the speed limit reduced to fifty (50) miles per hour. At this time,

TFO Jenkins slowed down, but kept Reaux in sight. As Reaux continued through the construction zone, he travelled at extremely high speeds and passed other vehicles by driving on the left shoulder, all while utilizing his left blinker.

10. Reaux eventually exited the interstate turning south onto O'Neal Lane and then east onto Bristoe Avenue.

11. Due to Reaux's continued use of his left blinker, TFO Jenkins was easily able to follow him onto Bristoe Avenue where he abandoned the vehicle in the side yard of a residence near the corner of Bristoe Avenue and Cully Drive.

12. After speaking to the homeowner of the residence, TFO Jenkins was able to confirm that the vehicle did not belong to the homeowner and that the homeowner had no knowledge of the vehicle or the person driving it.

12. After establishing a perimeter, TFO Jenkins requested the assistance of the Baton Rouge Police Department K-9 Division. Upon arrival, Sergeant Ricken and his K-9, K-9 Sarg, began a track that traveled west along the rear fence line of the residences, which paralleled a wood line. Near the rear of one of the residences located in the 16800 block of Bristoe Avenue, inside the wood line, Sgt. Ricken observed his K-9 alert to packages that were located on the track. K-9 Sarge is certified via USPCA.

13. Upon the positive alert, TFO Jenkins approached and observed three (3) packages, two (2) of which appeared to be Zip-lock bags filled with a large amount of MDMA (ecstasy), a Schedule I controlled substance. *See* 21 C.F.R. § 1308.11(d)(11). The third package was a blue bank bag with a zipper.

3

14. Because the other two packages were identified as containing suspected narcotics, TFO Jenkins unzipped the blue bank bag and discovered that it contained a large amount of U.S. Currency, which totaled $10,528.00.

15. TFO Jenkins handed the three (3) packages to Corporal J. Stewart of the Baton Rouge Police Department to be secured in a police unit.

16. The K-9 Unit and TFO Jenkins continued to search for Reaux by traveling west and subsequently located him hiding in a bush in the back yard of a residence located in the 16600 block of Bristoe Ave, where he was taken into custody by TFO Jenkins without incident.

17. TFO Jenkins conducted a pat and frisk of Reaux for weapons and then escorted him to the road, where he was advised of his *Miranda* rights and then notified that he was under arrest.

18. While walking towards the cruiser, TFO Jenkins informed Reaux that the police had located his stash. In response, Reaux said "What stash?" TFO Jenkins advised Reaux that they had located narcotics, and Reaux denied ownership. Reaux then asked TFO Jenkins about his money.

19. For towing purposes, Cpl. B. Bickham conducted a vehicle inventory. He located a Nike shoe box on the passenger floorboard. The shoe box contained 24 dosage units of MDMA, consistent with the ones that were discarded along the K-9 track.

20. During the booking process, in general conversation with TFO Jenkins, Cpl. Bickham, and Cpl. Stewart, Reaux advised that he had traveled to Houston, Texas to purchase 2000 "X" pills for the sum of $750.00. When asked about the going price for the "X" pills, Reaux stated that in New Orleans, he sells them for $5.00 each, and when in the Hammond and Baton Rouge area, he sells them for $2.00 each.

21. After arriving in a safe and controlled environment, TFO Jenkins utilized his narcotic detection canine, K-9 Tinus, and conducted a free air sniff of the U.S. Currency which was seized. K-9 Tinus gave a positive alert to the presence of a narcotic odor emitting from the currency and the bank bag. TFO Jenkins then utilized K-9 Tinus to conduct a free air sniff of the Zip-lock bags and K-9 Tinus gave a positive alert to the presence of a narcotic odor. TFO Jenkins also used a MDMA field test kit to test a sample of the product contained in the Zip-lock bags and received a positive reaction to the presence of MDMA. K-9 Tinus is certified via USK9.

22. The defendant property consisted of five hundred and four (504) bills totaling $10,528 in U.S. Currency. The denominations of the defendant currency were four (4) $100 bills, seven (7) $50 bills, four hundred eighty-eight (488) $20 bills, one (1) $10 bill, one (1) $5 bill, and three (3) $1 bills. Based on the above, approximately ninety-seven (97%) percent of the bills were $20 and below.

23. Based on all the above characteristics, including TFO Jenkin's training and experience, the presence of numerous MDMA pills, the positive K-9 alerts, the positive MDMA field test, the large percentage of small denomination bills, and the occupant's flight from law enforcement, the defendant property is consistent with the proceeds of narcotics trafficking.

**LAW**

24. 21 U.S.C. § 881(a)(6) provides that the following shall be subject to forfeiture to the United States:

> "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

**BASIS FOR FORFEITURE**

25.     The defendant property is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), because it represents moneys furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 841 *et seq*.

**CLAIM FOR RELIEF**

26.     Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ Monica Griffith-Braud
Monica Griffith-Braud, LBN: 33162
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: monica.griffith-braud@usdoj.gov